UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FLOORING ASSOCIATES, INC.,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>DESIGN MANUFACTURING INTERNATIONAL, LLC, *et al.*,<br><br>　　　　　　Defendants. | CASE NO. 2:20-cv-00057-JCC-JRC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION, CONTINUANCE, AND STAY |

　　This matter is before the Court on plaintiff's motion for extension, continuance, and stay. *See* Dkt. 19.

　　On April 22, 2020, plaintiff filed this motion requesting a 90-day extension of discovery deadlines, including an extension to respond to defendants' discovery requests; a 90-day continuance of trial date and all associated deadlines; and a 90-day stay of proceedings in this case. *See* Dkt. 19, at 4. Plaintiff states that Scott C. Razor and Martine Razor (husband and wife) are the sole shareholders and sole employees of plaintiff Flooring Associates, Inc. ("FAI"). *Id.* at 3. Plaintiff indicates that Martine Razor was diagnosed with cancer in March 2020, and

1  she underwent three surgeries and began procedures to begin chemotherapy treatment as of April
2  21, 2020.  *See id.* at 4; Dkt. 20, at 2.  Plaintiff further indicates that Scott C. Razor is the sole
3  caregiver to Martine Razor during her treatment, and as such, Scott C. Razor has been unable to
4  assist in the operation of FAI or prosecution of this case.  *See* Dkt. 19, at 4.  Additionally,
5  plaintiff indicates that the imposition of Washington State's Stay Home, Stay Healthy Order has
6  made it impossible for plaintiff to obtain all necessary information to respond to defendants'
7  discovery requests.  *See id.*  Plaintiff seeks an extension of discovery deadlines, continuance of
8  trial date and associated deadlines, and stay of this case to allow Martine Razor to complete her
9  cancer treatments and to allow time for plaintiff to obtain evidence and information in this case
10 once the Stay Home, Stay Healthy Order is lifted.  *Id.* at 4–5.

11          Defendants oppose plaintiff's motion for extension, continuance, and stay.  Dkt. 21.
12 Defendants note that plaintiff filed the instant motion on the same date that plaintiff's responses
13 to defendants' discovery requests were due, and that plaintiff did not notify defendants of
14 plaintiff's intention to file the instant motion until April 22, 2020, the same day that the motion
15 was filed.  *See id.* at 4.  Defendants state that plaintiff's motion does not request a stay of
16 defendants' discovery deadlines, and that if the Court grants plaintiff's motion, defendants would
17 be required to respond to discovery requests propounded by plaintiff and would still have to
18 comply with the Court's scheduling order.  *See* Dkts. 15, at 3; 21, at 6.  Although defendants
19 state that they are sympathetic to Martine Razor's medical condition, defendants contend that
20 plaintiff's request for extension, continuance, and stay are not reasonable or appropriate.  *Id.* at 2,
21 9.  Instead, defendants argue that the Court should grant plaintiff a 30-day extension to respond
22 to defendants' discovery requests and that the Court should deny plaintiff's request for 90-day
23 extension of present deadlines, continuance of trial date, and stay of this case.  *See id.* at 9–10.

**DISCUSSION**

"A district court has discretionary power to stay proceedings in its own court." *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)).  The Court's broad discretion to stay a proceeding is "incident to its power to control is own docket." *Clinton v. Jones*, 520 U.S. 681, 706-07 (1997).

When determining whether a stay is appropriate, the Court must weigh the competing interests that will be affected by granting or denying the stay. *Ali v. Trump*, 241 F.Supp. 3d 1147, 1152 (W.D. Wash. 2017) (citing *Lockyer*, 398 F.3d at 1110).  These interests include, "the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *Lockyer*, 398 F.3d at 1110 (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

The Court, having reviewed the record and the parties' briefs, finds good cause to grant plaintiff's motion for extension, continuance, and stay. Dkt. 19.  Here, plaintiff provides two significant grounds in support of its motion:  (1) Martine Razor's medical health, and (2) the imposition of the Stay Home, Stay Healthy Order.  Since filing the instant motion, Washington State Governor Jay Inslee extended the Stay Home, Stay Healthy Order to May 31, 2020, in light of the continuing coronavirus disease 2019 (COVID-19) threat. *See* Proclamation 20-25.3 (May 4, 2020), https://coronavirus.wa.gov/.  The Court recognizes that the parties' ability to effectively conduct discovery has likely been impacted by the ongoing COVID-19 pandemic and that plaintiff is further impacted by Scott C. Razor's need to care for his wife and simultaneously operate FAI.  Additionally, as plaintiff has not requested an indefinite stay of proceedings, the

1  Court finds plaintiff's requests are reasonable in light of the circumstances raised in plaintiff's
2  motion.
3        The Court does not agree with defendants' argument that granting plaintiff's motion
4  would preclude defendants from obtaining *any* documentary and testimonial evidence.  *See* Dkt.
5  21, at 9.  To the contrary, plaintiff's requested relief for temporary continuance of the trial date
6  and all corresponding deadlines, and the temporary stay of proceedings applies to all parties.  *See*
7  Dkt. 19, at 5.  Additionally, an extension of time to respond to defendants' discovery requests
8  does not eliminate plaintiff's obligation to respond to those discovery requests.  However, the
9  Court recognizes that defendants would be prejudiced if only plaintiff's discovery deadlines were
10 extended without a corresponding extension for defendants to conduct discovery.  The Court has
11 taken this into consideration in its findings below.
12       Finally, while the Court finds good cause to grant plaintiff's motion (Dkt. 19), the Court
13 notes that plaintiff provided defendants with little notice before filing the instant motion.  *See*
14 Dkt. 21, at 4, 7–8.  Plaintiff does not indicate why so little notice was provided to defendants.
15 While this Court will grant relief on this occasion for the reasons stated above, plaintiff is
16 cautioned that in the future it must seek relief from a deadline in compliance with the Local Civil
17 Rules ("LCR") and meet and confer as required.  *See* Local Rule 7(j).

## CONCLUSION

19       Accordingly, the Court ORDERS:
20 (1) Plaintiff's motion for extension, continuance, and stay (Dkt. 19) is GRANTED.
21     Plaintiff may have a 90-day extension of discovery deadlines, including extension to
22     respond to defendants' discovery requests served on March 23, 2020.  *See* Dkt. 22, at
23     2.  Additionally, the date of jury trial and corresponding deadlines in this case are
24

1. continued for 90 days, and the current proceedings are stayed for 90 days from this Order; and

(2) Defendants may have a corresponding 90-day extension of discovery deadlines, including discovery propounded by plaintiff and expert disclosure and rebuttal deadlines.

Having granted plaintiff's motion, the Court sets this matter for a five-day jury trial on to commence at 9:30 a.m. on **March 15, 2021**, in Courtroom 16206 before U.S. District Court Judge John C. Coughenour.  The Court also amends the following deadlines:

| Event | Date |
| --- | --- |
| Plaintiff's expert disclosures under Fed. R. Civ. P. 26(a)(2) | **July 30, 2020** |
| Defendant's expert disclosures under Fed. R. Civ. P. 26(a)(2) | **August 13, 2020** |
| Rebuttal expert disclosures | **August 27, 2020** |
| All motions related to discovery must be noted on the motion calendar no later than the Friday before discovery closes pursuant to LCR 7(d) and LCR 37(a)(2) | |
| Discovery completed by | **September 29, 2020** |
| All dispositive motions must be filed by (*see* LCR 7(d)) | **October 29, 2020** |
| Settlement Conference per LCR 39.1(c)(2) held no later than | **December 30, 2020** |
| All motions in limine must be filed by this date and noted on the motion calendar no later than the second Friday after filing.  Motions in limine raised in trial briefs will not be considered. | **February 11, 2021** |
| Agreed LCR 16.1 Pretrial Order due | **February 11, 2021** |
| Pretrial conference | **To be set if needed** |
| Trial briefs, proposed voir dire, jury instructions and exhibits by | **March 15, 2021** |

1   If the trial dates assigned to this matter creates an irreconcilable conflict, counsel must
2 notify Deputy Clerk Kelly Miller at Kelly_miller@wawd.uscourts.gov, within 10 days of the
3 date of this Order and must set forth the exact nature of the conflict.  A failure to do so will be
4 deemed a waiver.
5   The deadlines in the Court's prior scheduling order (Dkt. 15) shall otherwise remain in
6 force.
7   Dated this 6th day of May, 2020.

_____

J. Richard Creatura
United States Magistrate Judge