UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FLOORING ASSOCIATES, INC.,

Plaintiff,

v.

DESIGN MANUFACTURING
INTERNATIONAL, LLC., *et al.*,

Defendants.

CASE NO. 2:20-cv-00057-JCC-JRC

ORDER GRANTING, IN PART,
DEFENDANTS' MOTION TO
COMPEL

This matter is before the undersigned on referral from the District Court (Dkt. 7) and on defendants' motion to compel.  Dkt. 28.

Plaintiffs have failed to comply with defendants' discovery requests and court-imposed deadlines, apparently due to family illnesses.  Defendants request that the Court impose sanctions, such as dismissal of the case or that plaintiff pay defendants' costs and fees incurred in bringing the motion.  If the case is not dismissed, defendants request that the Court order plaintiff to provide its initial disclosures and responses to certain discovery requests and that the Court extend the discovery cutoff and dispositive motions deadlines.

In light of the health crises in the family of plaintiff's principals, the Court declines to recommend dismissal of this matter at this time. However, the Court will require plaintiff to show cause why this matter should not be dismissed. The Court orders plaintiff to provide the materials requested by defendants and extends the discovery deadline to November 15, 2020. The Court declines to award fees to defendants.

## BACKGROUND

Plaintiff, a Washington corporation selling floor coverings, brought suit in state court against defendants Design Manufacturing International, LLC ("DMI"), and Cavan Carpets. *See* Dkt. 1-1, at 3. Plaintiff brings breach of contract, express warranty, and implied warranty of merchantability claims against defendants based on allegedly defective products that plaintiff purchased from them. *See generally* Dkt. 1-1. After plaintiff brought suit, defendant DMI removed the action to federal court. *See* Dkt. 1.

In January 2020, the Court entered its initial scheduling order, setting the deadline for initial disclosures on February 19, 2020. Dkt. 9. According to defendants, plaintiff has not yet filed the initial disclosures in this matter. *See* Dkt. 28, at 4.

Defendants also assert that they served plaintiff with discovery requests on March 23, 2020. Dkt. 28, at 3. On April 22, 2020, plaintiff's responses to defendants' discovery requests were due. *See* Dkt. 23, at 2. That day, plaintiff requested an extension of the time in which to respond to defendants' discovery requests, a continuance of the trial date, and a temporary stay. Dkt. 19, at 1. Plaintiff's attorney stated that Scott and Martine Razor—the principals and sole shareholders of plaintiff—were unable to effectively contribute to the litigation of the case because Scott Razor was caring for Martine Razor, who was undergoing chemotherapy following a recent cancer diagnosis. Dkt. 19, at 4. Plaintiff also cited the Washington State

1    Governor's stay-at-home order, caused by the COVID-19 pandemic, stating that the order made

2    it impossible for plaintiff to conduct discovery.  Dkt. 19, at 4.

3         The Court found good cause and granted plaintiff's motion.  Dkt. 23, at 3–4.  The Court

4    ordered plaintiff to provide expert witness disclosures by July 30, 2020, and the parties to

5    complete discovery by September 29, 2020, among other deadlines.  *See* Dkt. 23.  And the Court

6    granted plaintiff until July 21, 2020, to respond to defendants' discovery requests.  *See* Dkt. 23,

7    at 4–5.

8         Defendants filed the pending motion to compel on September 10, 2020, and assert that

9    plaintiff has never filed its initial disclosures or its answers to defendants' discovery requests.

10   Dkt. 28, at 2.  Defendants state that on August 15, 2020, defense counsel emailed plaintiff's

11   counsel regarding defendants' discovery requests and that on August 20, 2020, the parties held a

12   discovery conference.  Dkt. 28, at 4.  According to defense counsel, the parties agreed that

13   plaintiff would respond to defendants' discovery requests on or before August 31, 2020.  Dkt.

14   28, at 4.  Defense counsel states that she emailed plaintiff's counsel on September 1, 2020,

15   informing plaintiff that defendants would file the motion to compel, and that plaintiff's counsel

16   claimed that he believed the agreed deadline was September 10, 2020.  Dkt. 28, at 5.

17   Nevertheless, plaintiff did not provide responses to the discovery requests by September 10,

18   2020, either.  *See* Dkt. 34, at 2–3.

19        In response to the motion to compel, plaintiff does not dispute any of the background

20   facts set forth above.  *See* Dkt. 30.  Instead, plaintiff asserts that significant impediments

21   continue to burden plaintiff's principal's prosecution of the case.  *See* Dkt. 30, at 3–5.  Plaintiff

22   requests that the court decline to impose sanctions because these circumstances are beyond

23   plaintiff's control and plaintiff has proceeded in good faith.  Dkt. 30, at 5.  Instead, plaintiff

24

1  requests an extension of time in which to file initial disclosures and respond to discovery

2  requests and an extension of the discovery deadline.  Dkt. 30, at 5–6.

3  **DISCUSSION**

4  **I.  Motion to Strike**

5  Defendants request that the Court strike plaintiff's response as untimely.  *See* Dkt. 33, at

6  4.  As defendants point out, plaintiff's response was filed on September 24, 2020 (Dkt. 30), even

7  though it was due on September 21, 2020.  *See* Local Civil Rule 7(d)(3).  Plaintiff failed to offer

8  an explanation for the delay or to request an extension.  *See* Dkt. 30.

9  Nevertheless, the Court notes that plaintiff's principals are undergoing difficult and

10  disruptive life events, which are likely the basis for the delay.  In the interest of justice, the Court

11  will exercise its discretion to accept the untimely responsive brief and consider the merits of the

12  arguments therein.

13  **II.  Request to Dismiss Action**

14  Defendants request that pursuant to Federal Rule of Civil Procedure 37, the Court dismiss

15  this action as a sanction for plaintiff repeatedly failing to meet deadlines in this litigation.  Dkt.

16  28, at 9.

17  As noted above, defendants assert that plaintiff has failed to (1) make initial disclosures,

18  which were due February 19, 2020, (2) respond to defendants' discovery requests, even though

19  the Court ordered response by an amended deadline of July 21, 2020; (3) serve summonses; (4)

20  provide expert disclosures due July 30, 2020; and (5) timely file its corporate disclosure

21  statement, which was filed over a month late.  Dkt. 28, at 10–12.   Plaintiff does not dispute that

22  it failed to comply with the deadlines listed above.

23

24

1   Instead, plaintiff asserts that one of plaintiff's two shareholders, Martine Razor, was

2 diagnosed with cancer and underwent cancer surgeries on March 10, March 26, and April 21st,

3 2020.  Dkt. 30, at 3.  Plaintiff asserts that Mrs. Razor underwent chemotherapy treatment until

4 September 1, 2020, and is now beginning daily radiation treatment, scheduled through

5 November 4, 2020.  Dkt. 30, at 3.  Plaintiff asserts that Mrs. Razor's treatment inhibits her ability

6 to prosecute this case.  Dkt. 30, at 3.

7   Plaintiff further asserts that the other principal, Scott Razor, is caring for Mrs. Razor at

8 this time and that his activities are impeded because he must also avoid exposure to COVID-19,

9 to ensure that Mr. Razor does not infect Mrs. Razor or Mr. Razor's elderly mother.  Dkt. 30, at

10 3–4.  In addition, Mr. Razor states that his mother suffered a serious injury in August 2020 and

11 that caring for her, in addition to his other obligations, has detracted from his ability to prosecute

12 this matter.  Dkt. 30, at 4.

13   Finally, plaintiff asserts that conditions caused by the COVID-19 pandemic and Mr.

14 Razor's lack of technical knowledge have inhibited plaintiff's ability to collect relevant

15 information.  Dkt. 30, at 5.

16   As relevant here, Federal Rule of Civil Procedure 37 authorizes dismissal for failure to

17 obey a discovery order and to make initial disclosures.  Fed. R. Civ. P. 37(b)(2)(A)(v), (c)(1)(C).

18 "By the very nature of its language, sanctions imposed under Rule 37 must be left to the sound

19 discretion of the trial judge."  *O'Connell v. Fernandez–Pol*, 542 Fed. App'x 546, 547–48 (9th

20 Cir. 2013) (citing *Craig v. Far West Eng'g Co.*, 265 F.2d 251, 260 (9th Cir. 1959)).  "Where the

21 drastic sanctions of dismissal or default are imposed, however, the range of discretion is

22 narrowed and the losing party's non-compliance must be due to willfulness, fault, or bad faith."

23 *Fjelstad v. Am. Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985).

24

ORDER GRANTING, IN PART, DEFENDANTS'
MOTION TO COMPEL - 5

A five-part test applies to determine whether dismissal is appropriate as a sanction: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007). The fifth factor requires analysis of "whether the court has considered lesser sanctions, whether it tried them, and whether it warned the recalcitrant party about the possibility of case-dispositive sanctions." *Id.* "[W]here a court order is violated, factors 1 and 2 support sanctions and 4 cuts against case-dispositive sanctions, so 3 and 5, prejudice and availability of less drastic sanctions, are decisive." *Valley Engineers Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1057 (9th Cir. 1998) (quoting *Adriana Int'l Corp. v. Thoeren,* 913 F.2d 1406, 1412 (9th Cir. 1990)).

Plaintiff has clearly failed to comply with the Court's extension order (Dkt. 23), among other things, since that Order set deadlines for response to defendants' discovery requests and for making expert disclosures and plaintiff failed to meet those deadlines. Thus the Court focuses on the risk of prejudice to defendants and the availability of less drastic sanctions.

Regarding prejudice to defendants, defendants assert that their ability to complete discovery by the existing September 29, 2020, deadline is impeded by plaintiff's failure to provide disclosures or responses to defendants' discovery requests. Dkt. 28, at 2. Defendant also states that their expert is unable to provide final opinions without information from plaintiff. Dkt. 28, at 2.

The prejudice asserted by defendants is also significant. Parties to litigation are entitled to proceed with the orderly disposition of the case, and if one or more of the parties is unable to

1   participate fully, even through no fault of their own, the other parties' interest in moving forward

2   cannot be ignored indefinitely.

3        Sometimes, the problem can be remedied by less drastic sanctions than dismissal.  The

4   Court notes that it has not previously tried lesser sanctions nor warned plaintiff of the possibility

5   of involuntary dismissal—facts that weigh against dismissal at present.  *See Conn. Gen. Life Ins.*

6   *Co.*, 482 F.3d at 1096.

7        In reaching this conclusion, the Court is also sensitive to the difficult and disruptive

8   events in plaintiff's principals' lives during the past year.  Plaintiff's principal's declaration

9   plausibly sets forth that Mr. and Mrs. Razor have suffered a culmination of unfortunate events

10   over 2020 that have prevented them from meaningfully participating in this litigation.  The Court

11   is sympathetic to the effects of a loved one's sickness or injury—particularly on top of a global

12   pandemic.  These events are outside of plaintiff's control and do not, at this point, demonstrate

13   willfulness, bad faith, or fault causing the failure to litigate this matter.  *See Jorgensen v.*

14   *Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003).

15        The Court notes that defendants argue that at least the failure to make initial disclosures

16   is unexplained because initial disclosures were due the month before Mrs. Razor's diagnosis.

17   Dkt. 33, at 3.  Although Mr. Razor does not specifically address this point in his declaration, the

18   Court will afford plaintiff the benefit of the doubt that in the weeks leading up to Mrs. Razor's

19   diagnosis and surgeries, her illness had already become serious.  Moreover, the Court also finds

20   that the circumstances described in Mr. Razor's declaration also explain the failure to comply

21   with and request extensions to the deadlines that the Court adopted in its May 2020 order.  *See*

22   Dkt. 23.

23

24

1    The Court finds that dismissal as a sanction is not called for at this time.  However, if

2    plaintiff wishes to litigate this matter, its principals and its counsel must comply with Court

3    Orders and rules.  The Court—and defendants—have already expended significant resources on

4    a motion to compel that would not have been required had plaintiff complied with its deadlines.

5    And defendants' argument that there is reason to believe that plaintiff will continue to miss

6    deadlines is well-taken.  Therefore, although the Court offers plaintiff an additional period in

7    which to remedy its failures to meet various deadlines in this case, the Court will also order that

8    plaintiff show cause why this matter should not be dismissed without prejudice for failure to

9    prosecute by December 15, 2020.  If plaintiff establishes that it has complied with the deadlines

10   set forth in this Order, the Court will not recommend dismissal of this matter as a sanction.

11   Defendants ask that if the matter is not dismissed, plaintiff be ordered to "immediately"

12   make the disclosures required by Rule 26(a)(1) and that the Court continue the discovery cutoff

13   date by 30 days, so that defendants may complete discovery.  Dkt. 28, at 8.  Plaintiff requests

14   that the Court give it an additional fifteen days to provide initial disclosures and an additional

15   thirty days to respond to discovery requests and that the Court extend the discovery deadline to

16   November 30, 2020.  Dkt. 30, at 5–6.  Defendants object to plaintiff's proposal on the basis that

17   they will not have adequate time to prepare a summary judgment motion by the current, October

18   29, 2019, deadline.  Dkt. 34, at 3.

19   In light of these extenuating circumstances, the Court sets the following deadlines in this

20   matter:

21        (1) Plaintiff shall provide its initial disclosures by November 1, 2020.

22        (2) All parties will provide answers and responses to outstanding discovery no later than

23             November 15, 2020.

24

(3) The dispositive motions deadline is extended to November 29, 2020.

(4) Plaintiff shall show cause why this matter should not be dismissed without prejudice
for failure to prosecute on or before December 15, 2020.  Proof that plaintiff has
complied with the deadlines established herein shall satisfy the show cause order.

**III.  Fees and Costs Related to the Motion to Compel**

Defendants appear to request an award of the fees and costs incurred in filing the motion to compel.  Dkt. 28, at 2.  In lieu of plaintiff's ongoing difficulties, the Court is denying this motion.  *See* Fed. R. Civ. P. 37(a)(5)(C) (granting the Court discretion to deny fees where a motion to compel is granted in part).

**CONCLUSION**

As set forth above, the motion to compel (Dkt. 28) is granted in part and denied in part, and the parties shall comply with the deadlines set forth herein.  The Clerk's Office shall update the docket to reflect that plaintiff must show cause why this matter should not be dismissed on or before December 15, 2020.

Dated this 16th day of October, 2020.

J. Richard Creatura
United States Magistrate Judge

ORDER GRANTING, IN PART, DEFENDANTS'
MOTION TO COMPEL - 9