UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

FLOORING ASSOCIATES, INC.,

    Plaintiff,

v.

DESIGN MANUFACTURING INTERNATIONAL, LLC. *et al.*,

    Defendants.

CASE NO. 2:20-cv-00057-JCC-JRC

REPORT AND RECOMMENDATION

NOTED FOR: July 23, 2021

Pending before the Court are plaintiff's motions for leave to voluntarily dismiss this matter without prejudice (Dkt. 98, 102) and defendant's[1] cross-motion to dismiss the matter with prejudice or with an award of attorney's fees and costs. Dkt. 106. The District Court has referred these motions to the undersigned. Dkt. 105, 110.

Plaintiff brings suit against defendant for allegedly defective rugs. Dkt. 1-1. After more than a year and a half of litigation and immediately following the entry of the undersigned's report and recommendation recommending barring plaintiff from arguing approximately $1.2

---

[1] DMI, operating as Cavan Carpets, is referred to as "defendant" herein.

REPORT AND RECOMMENDATION - 1

million in damages, plaintiff requested a voluntary dismissal without prejudice. *See* Dkts. 98, 102. Defendant opposes a dismissal without prejudice, arguing that dismissal should be with prejudice in light of plaintiff's attempt to circumvent an adverse ruling on damages, delay in bringing the motion for voluntary dismissal, and continued failure to meet court deadlines and follow court rules.

This Court agrees with defendant and recommends that should plaintiff continue to request a voluntary dismissal, that dismissal should be with prejudice. Plaintiff should be offered one week from the date of the District Court's order on this Report and Recommendation to indicate whether it intends to accept a voluntary dismissal with prejudice or to litigate this matter.

## BACKGROUND

Plaintiff brought this lawsuit in Washington State court in October 2019. Dkt. 1-1, at 2. After removal to this Court, on January 15, 2020, the Court set a February 19, 2020 deadline for initial disclosures. Dkt. 9. Defendant also served its first interrogatories and requests for production on plaintiff, with responses due April 22, 2020. Plaintiff failed to make initial disclosures (*see* Dkt. 22, at 2) and, on the date that the discovery responses were due, sought and obtained an extension, continuance, and 90-day stay of the matter. *See* Dkts. 19, 23. Plaintiff cited health issues in a principal's family and the COVID-19 outbreak as the basis for the request and for problems prosecuting the case to date. Dkt. 19, at 4.

On September 10, 2020, defendant filed a motion to compel and for sanctions including dismissal of the matter without prejudice, arguing that plaintiff had not met the new deadlines for the discovery request or for initial disclosures. *See* Dkt. 28, at 2, 8; Dkt. 29, at 2. In response,

plaintiff cited continued family illness of plaintiff's principal and opposed dismissal without prejudice. Dkt. 30, at 6. The Court ordered plaintiff to show cause why the matter should not be dismissed without prejudice for failure to prosecute and in the interim, again extended deadlines, including extending the time to respond to outstanding discovery to November 15, 2020. *See* Dkt. 35. The Court later extended the deadline to respond to outstanding discovery to January 8, 2021, on the parties' request. DKt. 43. Notwithstanding this extension, plaintiff did not respond to the first interrogatories and requests for production (Dkt. 44, at 7) until January 18, 2021. Dkt. 50, at 7; *see also* Dkt. 46.

Plaintiff served initial disclosures on defendant on November 1, 2020, but failed to appropriately substantiate how plaintiff arrived at its computation of lost profits and future sales damages. *See* Dkt. 95, at 13; *see also* Dkt. 44, at 3. This failure led the Court to later order plaintiff to be barred from arguing damages for lost profits and lost sales. *See* Dkt. 95, at 13.

On November 9, 2020, defendant filed an objection to the notice of service of initial disclosures, arguing, among other things, that the initial disclosures failed to substantiate various travel and out of pocket expenses claimed as damages in an exhibit. Dkt. 39, at 1–2. Plaintiff later amended the exhibit at issue to remove the vast majority of charges from its claim for damages, stating that it retained only those expenses that could be substantiated. Dkt. 44, at 6.

On January 15, 2021, plaintiff responded to the order to show cause why the case should not be dismissed without prejudice for failure to prosecute. Dkt. 44. Plaintiff strenuously objected to the dismissal of its claims without prejudice, arguing that plaintiff would "lose substantial rights due to the running of the statute of limitations." Dkt. 44, at 1. Although he had been severely ill in late November and early December and suffered from symptoms for a period

of time afterward, plaintiff's counsel stated that he and his client were prepared and continued to prosecute the action. Dkt. 44, at 8.

In March 2021, the Court entered an order declining to recommend dismissal without prejudice as a sanction. Dkt. 88, at 1. However, the Court reminded plaintiff's attorney of "his obligation to withdraw from representation of a client if his 'physical or mental condition materially impairs the lawyer's ability to represent the client[.]'" Dkt. 88, at 1 (quoting Washington Rule of Professional Conduct 1.16(a)(2)).

Defendant filed a motion for summary judgment, and on April 1, 2021, the undersigned filed a report and recommendation to grant the motion in part and deny it in part. Dkt. 95, at 2. Specifically, the undersigned found factual issues related to the merits of plaintiff's claims of rug damage but recommended limiting the express warranty claim to certain rugs. *See* Dkt. 95, at 32. The undersigned also struck an expert's testimony, but solely for the purpose of deciding the summary judgment motion, based on plaintiff's failure to comply with Federal Rule of Civil Procedure 26(a)(2). Dkt. 95, at 11. Importantly, the undersigned recommended that plaintiff be barred from arguing approximately $1.2 million in damages, recommending "that the District Court exercises its discretion and order that plaintiff will be barred from arguing lost profits/lost sales based on plaintiff's failure to show compliance with Federal Rule of Civil Procedure 26(a)(1)(A)(iii)." Dkt. 95, at 15.

Approximately two weeks after this Court filed that report and recommendation, plaintiff moved for leave to voluntarily dismiss this matter without prejudice. Dkt. 98. For reasons that are unclear, plaintiff filed two motions for leave to voluntarily dismiss. Dkts. 98, 102. The day after plaintiff's second motion for leave to voluntarily dismiss, the District Court adopted the

report and recommendation in full and struck the May 17, 2021, trial date in the matter. Dkt. 105.

Defendant filed a cross motion and response to the motions for voluntary dismissal. Dkt. 106. All three motions pertaining to voluntary dismissal are now ripe for the Court's consideration.

## DISCUSSION

### I. Dismissal with Prejudice Is Appropriate, Despite Plaintiff's Objection

Plaintiff requests that the Court allow him to voluntarily dismiss the case without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2). Dkt. 102, at 1. That rule requires a plaintiff to obtain leave of court to take a voluntary dismissal where the opposing party has not stipulated to dismiss and where the case has proceeded past summary judgment—as is the situation here. *See* Fed. R. Civ. P. 41(a)(1). Rule 41(a)(2) also allows the Court to impose "terms that the court considers proper" and states that dismissal is generally "without prejudice" unless the Court states otherwise.

Plaintiff's counsel cites plaintiff's principal's family health issues and plaintiff's counsel's own unexpected health crisis beginning November 28, 2020 and continuing through the date he prepared the motion to dismiss. Dkt. 102, at 4. Plaintiff's counsel avers that he is not seeking dismissal "in order to avoid an adverse decision on the merits of the case" and points to the case having already survived summary judgment. Dkt. 102, at 5. Plaintiff's counsel represents that plaintiff will continue to trial unless the Court grants dismissal without prejudice. Dkt. 102, at 5.

For its part, defendant cites plaintiff's repeated failure to comply with court orders and rules from the onset of this case. *See* Dkt. 106, at 2. Defendant argues that it will suffer plain

1 legal prejudice if the dismissal is allowed without prejudice where plaintiff is attempting to avoid the adverse outcome of the Court's ruling on summary judgment and where plaintiff has waited until the eve of trial to request such a dismissal. Dkt. 106, at 9.

This Court has authority to dismiss a case *with prejudice* where a plaintiff has sought dismissal *without prejudice* under Rule 41(a) and over the plaintiff's objection. *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766 (9th Cir. 1995), *cited in Microhits, Inc. v. Deep Dish Prods., Inc.*, 510 F. App'x 611, 612 (9th Cir. 2013); *see also* Conditional dismissal, *2 Motions in Federal Court* § 8:30 (3d ed.) ("As part of its power to impose conditions on the order of dismissal, the District Court may dismiss a complaint with prejudice even though the plaintiff requested dismissal without prejudice.").

The parties refer to the rule that the linchpin of the decision whether to grant a motion to dismiss with prejudice is "whether the defendant will suffer some plain legal prejudice as a result of the dismissal." *Westlands Water Dist. v. United States*, 100 F.3d 94, 96 (9th Cir. 1996), *cited in* Dkt. 106, at 8. The Court does not agree with the parties that the "plain legal prejudice" standard guides whether to dismiss with or without prejudice. Rather, the "plain legal prejudice" standard guides whether to grant or deny the motion to dismiss. *See id.* (analyzing three factors used by the District Court in deciding whether to grant or deny a motion for voluntary dismissal).

Defendant does not oppose dismissal but argues that the dismissal should be with prejudice. Therefore, the crux of the matter is whether the dismissal should be with or without prejudice—not whether to grant or deny the motion. When deciding whether a dismissal should be with or without prejudice, District Courts in this Circuit have looked to whether it would be inequitable or prejudicial to defendant to allow plaintiff to refile the action. *Williams v. Peralta*

*Community College Dist.*, 227 F.R.D. 538, 539 (N.D. Cal. 2005) (quoting *Burnette v. Godshall*, 828 F. Supp. 1439, 1443 (N.D. Cal. 1993), *aff'd sub nom. Burnette v. Lockheed Missiles & Space Co.*, 72 F.3d 766, 767 (9th Cir. 1995)). District Courts in this Circuit have looked to three general considerations: "(1) the defendant's effort and expense involved in preparing for trial, (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, [and] (3) insufficient explanation of the need to take a dismissal." *Burnette v. Godshall*, 828 F. Supp. at 1443–44 (internal quotation marks and citation omitted); *e.g.*, *Self v. Equinox Holdings, Inc.*, No. CV1404241MMMAJWX, 2015 WL 13298146, at *13 (C.D. Cal. Jan. 5, 2015) (applying these factors); *see also* Conditional dismissal, *2 Motions in Federal Court* § 8:30 (3d ed.) (listing similar factors).

Here, each of these three factors weighs in favor of a dismissal with prejudice. First, this case has proceeded to the point of a ruling on defendant's summary judgment motion and the filing of defendant's motions in limine, proposed pretrial order, and exhibit list in anticipation of trial. *See* Dkts. 96, 100, 101.

Second, this litigation has been burdened from its onset by excessive delay and lack of diligence on the part of plaintiff. The Court observes that plaintiff has repeatedly missed court-imposed deadlines, even where those deadlines were imposed on plaintiff's own requests. For instance, plaintiff requested that the April 2020 deadline for a response to defendant's first interrogatories and requests for production be extended (*see* Dkt. 19, at 3), yet failed to comply with the amended deadline or to respond to those interrogatories and requests for production at all until January 18, 2021, by plaintiff's counsel's own admission. *See* Dkt. 44, at 7; Dkt. 50, at 7. Plaintiff's failure to correctly substantiate its computation of lost profits and future sales damages—or even to respond to defendant's arguments in this regard—led the Court to bar

1 plaintiff from arguing such amounts as damages.  *See* Dkt. 95, at 13; *see also* Dkt. 105 (adopting
2 the report and recommendation).  Plaintiff's failure to comply with Federal Rule of Civil
3 Procedure 26(a)(2) led the undersigned to strike an expert's testimony as relevant to the
4 summary judgment motion.  Dkt. 95, at 11.  Such conduct in this matter led the undersigned to
5 observe in the report and recommendation that there was a "pattern in this litigation of plaintiff's
6 attorney failing to appropriately and timely comply with discovery obligations."  Dkt. 95, at 15.
7 Illness of plaintiff's principals does not explain the failure of plaintiff's attorney to diligently
8 litigate this matter or obtain relief from deadlines as necessary.

9       Moreover, in support of defendant's cross motion, defendant now asserts that plaintiff's
10 counsel failed to initiate any settlement conference (despite the Court's March 30, 2021, deadline
11 for engaging in a settlement conference) and that plaintiff has failed to provide a pretrial
12 statement in accordance with Local Civil Rule 16(h).  Plaintiff makes no effort to rebut these
13 claims.

14       Finally, regarding plaintiff's rationale for requesting a dismissal without prejudice,
15 plaintiff's motivation appears questionable.  Plaintiff has previously strenuously argued against a
16 dismissal without prejudice, arguing that the statute of limitations would effectively bar any
17 subsequently filed case.  Dkt. 44, at 1.  As late as January 2021, plaintiff argued against dismissal
18 of this action without prejudice and stated that plaintiff was "prepared and continues to prosecute
19 this action."  *See* Dkt. 53, at 6.  Then, within three months, and merely two weeks after the
20 undersigned entered a Report and Recommendation recommending barring plaintiff from
21 arguing approximately $1.2 million in damages, plaintiff changed tact and requested a dismissal
22 without prejudice.  Dkt. 98.  Tellingly, plaintiff now devotes portions of its briefing to arguing
23 that if it refiles this matter, the undersigned's recommendation that plaintiff be barred from
24

arguing the lost future profits and lost sales would not be binding in a future matter. Dkt. 108, at 2.

Plaintiff's attorney cites his own poor health since late November 2020. Dkt. 98, at 4. Yet, plaintiff previously opposed dismissal of this matter even after plaintiff's attorney's health crisis. Plaintiff's attorney cites the need for "further assessment" of his health in early April 2021. Dkt. 98, at 5. The Court is sympathetic to plaintiff's attorney's health issues, but such is a reason for plaintiff's attorney to withdraw if he is unable to effectively represent plaintiff in this matter—not a reason to allow plaintiff to refile the matter in the future and to avoid an adverse ruling.

In short, all three general considerations supporting a dismissal with prejudice are present in this case. It would be inequitable to allow this matter to proceed nearly to the point of trial, including a ruling barring plaintiff from arguing $1.2 million in damages, only for plaintiff to take a voluntary dismissal and refile at a later date.

The District Court should conditionally grant the motion to dismiss. The District Court should enter an order that grants plaintiff until one week from the date of the Order to file an affidavit indicating whether it will dismiss the matter with prejudice or whether plaintiff wishes to continue litigating the matter. *See Lau v. Glendora Unified Sch. Dist.*, 792 F.2d 929, 930 (9th Cir. 1986).

**II. Alternatively, the District Court Should Dismiss Without Prejudice, Subject to Conditions**

For the reasons discussed above, the District Court should dismiss this matter with prejudice. If the District Court disagrees, the District Court should condition dismissal upon

payment of defendant's attorney fees and costs, as alternatively proposed by defendant. Dkt. 106, at 13.

A defendant can be protected by conditioning a Rule 41(a) voluntary dismissal without prejudice on the payment of costs and attorney fees. *Westlands Water Dist.*, 100 F.3d at 97. However, defendant should only be awarded attorney fees for work that cannot be used in any future litigation of the claims. *Id.*

Therefore, if the District Court does not agree that dismissal with prejudice is appropriate and directs dismissal without prejudice, the District Court should enter an order stating the following:

Defendant shall submit a pleading, within two weeks of the date of the District Court's Order on the Report and Recommendation, that details the fees and costs it has incurred that will not be of use in a subsequent action. Once the Court issues an order detailing what portion of those fees and costs it will award as a condition of dismissal, plaintiff will have one week to file a Notice of Withdrawal of Request for Dismissal indicating that it wishes to withdraw its request for dismissal. If it does not do so, the Court will dismiss the action without prejudice subject to the payment of the fees and costs that the Court determines reflect work not usable in a second case.

## CONCLUSION

The District Court should grant the motions for voluntary dismissal, on condition that the dismissal will be with prejudice. The District Court should give plaintiff one week from the date of the Order on this Report and Recommendation to indicate whether plaintiff will accept the dismissal with prejudice or wishes to litigate this matter.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **July 23, 2021,** as noted in the caption.

Dated this 6th day of July, 2021.

J. Richard Creatura
Chief United States Magistrate Judge

REPORT AND RECOMMENDATION - 11